**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| NRRM, LLC, | ) |
| | ) |
|        Plaintiff, | ) |
| | ) |
|    vs. | )   **Case No. 4:17-CV-1665 PLC** |
| | ) |
| KINGSTAR HOLDING, LLC et al., | ) |
| | ) |
|        Defendants. | ) |

**MEMORANDUM AND ORDER**

      This matter is before the Court on Defendants Kingstar Holdings, LLC, Carsure LLC, and CS VSC, LLC's motion for reconsideration of the Court's February 28, 2018 order granting Plaintiff leave to file its second amended complaint. (ECF No. 69). Plaintiff NRRM, LLC opposes Defendants' motion for reconsideration. (ECF No. 75).

     ***I.    Factual and Procedural Background***

      In its original complaint, Plaintiff alleged that Plaintiff markets and sells vehicle service contracts[1] under the marks CARSHIELD and CARSHIELD.COM. (ECF No. 33 at ¶ 3). Defendants, also in the business of marketing and selling vehicle service contracts, do so under the name CARSURE. (Id. at ¶ 4). According to Plaintiff, Defendants' vehicle service contracts "directly compete with those sold by [Plaintiff]" and Defendants' marks are "confusingly similar" to Plaintiff's and therefore "likely to cause confusion amongst consumers[.]" (Id. at ¶¶ 35-36). Plaintiff's original complaint alleged the following three counts: (1) trademark

---

[1] A vehicle service contract "provide[s] coverage for mechanical breakdowns and servicing for automobiles." (ECF No. 33 at ¶ 2).

infringement under the Lanham Trademark Act of 1986 ("Lanham Act"), 15 U.S.C. § 1114; (2) trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. § 1125(a); and (3) trademark infringement and unfair competition under Mo. Rev. Stat. §§ 417.005-417.066 and Missouri common law. (Id.).

The Court entered a case management order on October 5, 2017, setting the deadline for motions for joinder of additional parties or amendment of pleadings on December 1, 2017. (ECF No. 23). On November 13, 2017, Plaintiff moved for leave to file a first amended complaint. (ECF No. 31). Plaintiff explained that Defendants Kingstar Holdings and CarSure, LLC recently informed Plaintiff that "an owner of the allegedly infringing trademarks has changed, and that a defendant assigned ownership to a company named in this lawsuit, namely CS VSC, LLC." The Court granted Plaintiff's motion, and Plaintiff filed a first amended complaint adding CS VSC, LLC as a defendant. (ECF Nos. 32 & 33).

On January 30, 2018, the parties filed a joint motion to amend the case management order "to provide all Parties sufficient time to finalize discovery and to prepare their claims and defenses." (ECF No. 52). Among other changes, the parties proposed March 1, 2018 as the amended deadline for "motions to join other parties or to amend the pleading, absent a showing of good cause[.]" (ECF No. 52-1). The Court entered an amended case management order designating February 1, 2018 as the deadline for such motions and August 7, 2018 as the deadline for completing discovery. (ECF No. 54).

Plaintiff filed a motion for leave to file a second amended complaint on February 27, 2018. (ECF No. 65). In its motion, Plaintiff stated that, while "conducting independent research concerning Defendants' use of the CARSURE trademarks," it discovered Defendants' alleged false advertising activities. (Id.). Plaintiff sought to amend the complaint to add a claim for false

advertising in violation of the Lanham Act, 15 U.S.C. § 1125(a), alleging that Defendants falsely advertised their vehicle service contracts as "extended warranty coverages" on www.carsure.com. (ECF No. 65-2). In support of its motion for leave to file a second amended complaint, Plaintiff averred that permitting it to file the second amended complaint would not cause prejudice to Defendants "as this litigation is still in its early stages," "the new Defendant was only added three months ago," and "Defendants have ample time left to develop their defenses to Count 4 [false advertising] because discovery does not close until August 7, 2018." (Id.). The Court granted Plaintiff's motion for leave to file a second amended complaint on February 28, 2018. (ECF No. 67).

## II.    *Discussion*

Defendants move for reconsideration of the Court's February 28, 2018 order, requesting the Court vacate the order and deny Plaintiff's motion for leave to file its second amended complaint. (ECF No. 69). Defendants argue that Plaintiff did not demonstrate good cause under Rule 16(b) for seeking leave to amend the complaint beyond the February 1, 2018 deadline for amendment of pleadings. Defendants further assert that the untimely-filed second amended complaint "will result in undue prejudice to Defendants" and therefore does not satisfy the more liberal Rule 15(a) standard for leave to amend. Plaintiff opposes Defendants' motion for reconsideration, arguing that it diligently amended the claims "as soon as it discovered new facts that gave rise to the claim for false advertising" and the amendments will not cause Defendants undue prejudice. (ECF No. 75).

Rule 15(a) provides that a "court should freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). "Under the liberal amendment policy of Federal Rule of Civil Procedure 15(a), a district court's denial of leave to amend pleadings is appropriate

only in those limited circumstances in which undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the non-moving party can be demonstrated." Roberson v. Hayti Police Dept., 241 F.3d 992, 995 (8th Cir. 2001) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).

However, when a party seeks to amend a pleading after the deadline in the applicable case management order, Rule 16(b) requires "a showing of good cause." Kmak v. American Century Cos., Inc., 873 F.3d 1030, 1034 (8th Cir. 2017) (quoting Williams v. TESCO Servs., Inc., 719 F.3d 968, 977 (8th Cir. 2013)). Good cause requires a change in circumstance, law, or newly discovered facts. Peterka v. City of Maplewood, No. 4:14-CV-823 ERW, 2015 WL 2145342, at *2 (E.D.Mo. May 7, 2015). "The primary measure of good cause is the movant's diligence." Kmak, 873 F.3d at 1034 (quoting Harris v. FedEx Nat'l LTL, Inc., 760 F.3d 780, 786 (8th Cir. 2014)).

Where, as here, a party seeks leave to amend the pleadings outside the case management order deadline, a court first considers whether good cause exists under Rule 16(b)(4). Nestle Purina Petcare Co. v. The Blue Buffalo Co., Ltd., No. 4:14-CV-859 RWS, 2016 WL 4272241, at *2 (E.D.Mo. Aug. 12, 2016). If good cause is established, a court will consider whether amendment is proper under Rule 15(a). Id. (citing Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 716 (8th Cir. 2008)).

In the instant case, the original case management order set the deadline for joinder of additional parties or amendment of pleadings on December 1, 2017. (ECF No. 23). Plaintiff filed its first amended complaint adding as a defendant CS VSC, LLC on November 14, 2017 and, on January 11, 2018, it informed Defendants' counsel during a teleconference that it had recently discovered facts supporting a false advertising claim. (ECF Nos. 33, 70, 75). On

January 30, 2018, the parties jointly moved to amend the case management order, proposing March 1, 2018 as an alternative deadline for amendment of pleadings, but the Court only extended the deadline for amendment of pleadings until February 1, 2018. (ECF Nos. 52, 52-1, 54). Plaintiff filed its motion for leave to file a second amended complaint on February 27, 2018, twenty-six days after the February 1, 2018 deadline set forth in the amended case management order but two days prior to the parties' jointly proposed deadline of March 1, 2018.

Defendants oppose Plaintiff's motion on the ground that the facts supporting Plaintiff's false advertising claim were available to Plaintiff when it filed its original complaint in June 2017 and when it filed its first amended complaint in November 2017. (ECF No. 70). Defendants argue that the "factual allegations in support of Plaintiff's false advertising claim are based off Defendants' advertisements found on the publicly available CarSure website," which Plaintiff referenced in the original complaint. (ECF No. 70 at 5). As a result, Defendants argue that Plaintiff failed to act diligently and lacked good cause.

After adding Defendant CS VSC, LLC in November 2017, Plaintiff discovered the alleged false advertising action and informed Defendants of the new claim at least as early as January 11, 2018. Although Plaintiff offers no explanation for its delayed "discovery" of the facts supporting a false advertising claim, the Court finds that Plaintiff sought to amend the complaint relatively soon after determining that it had a sufficient evidentiary basis to bring such a claim.

Furthermore, "delay alone is insufficient to deny a motion for leave to amend." Dennis v. Dillard Dep't Stores, Inc., 207 F.3d 523, 525 (8th Cir. 2000). "Rather, the party opposing the motion must show it will be unfairly prejudiced." Id. Defendants assert that Plaintiff's second amended complaint unduly prejudices them because it will prolong litigation and require

additional experts and written discovery. (ECF No. 70). More specifically, Defendants argue that the Court will need to amend the case management order to allow Defendants time to answer the second amended complaint and possibly file a counterclaim for false advertising against Plaintiff. Defendants also allege that they will suffer prejudice because the false advertising claim will expand the scope of discovery and require expert witnesses to testify to the issue of actual damages.

The record reveals that Defendants were aware of the new claim when they, jointly with Plaintiff, proposed extending the deadline for amendment of pleadings to March 1, 2018. Although Plaintiff moved for leave to file second amended complaint after the deadline set forth in the amended case management order, it did so prior to March 1, 2018 and well before the August 2018 deadline for close of discovery. The Court therefore finds that Plaintiff has shown good cause to amend the complaint outside the deadline set forth in the scheduling order.

While the scope of discovery in this case will likely expand with Plaintiff's amendments, the "burden of undertaking [additional] discovery, standing alone, does not suffice to warrant denial of a motion to amend a pleading." Nestle Purina, 2016 WL 4272241, at *2 (quoting Dennis, 207 F.3d at 525-26). Given that approximately three months remain for discovery and trial is not scheduled until January 7, 2019,, the parties have ample time to conduct any further discovery that may be required. Furthermore, nothing in the record suggests that Plaintiff acted in bad faith or with dilatory motive. The Court therefore finds that Plaintiff had good cause to file the second amended complaint and the amendment will not unduly prejudice Defendants.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motion for reconsideration of the Court's February 28, 2018 order is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants shall file their answer or other response to Plaintiff's second amended complaint no later than **May 4, 2018**.

_Patricia L. Cohen_
_____
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 27th day of April, 2018